# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| DENNIS MALIPURATHU, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-15-199-W |
|  | ) |  |
| JANET DOWLING, et al., | ) |  |
|  | ) |  |
| Respondents. | ) |  |

## REPORT AND RECOMMENDATION

Petitioner Dennis Malipurathu is a state prisoner proceeding *pro se*. He has filed this action as a Petition for Habeas Relief (Petition) pursuant to 28 U.S.C. § 2254. (ECF No. 1). [1] In response to the Court's Order (ECF No. 5), Petitioner filed the same action using the Court's form and attached his earlier Petition (Amended Petition) (ECF No. 6). The matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Also, pending before this court is Petitioner's application to proceed *in forma pauperis*. (ECF No. 7).

Because Petitioner's claims all challenge the conditions of his confinement rather than the constitutionality of his convictions or sentences, his application to proceed *in forma pauperis* should be **DENIED,** and this case should be **DISMISSED WITHOUT PREJUDICE**.

---

[1] The docket entry of the Court Clerk mistakenly refers to the Petition for Habeas Relief as a "Complaint."

**BACKGROUND**

This case arises from Defendants' alleged failure to consistently provide Petitioner with special dietary meals to accommodate the restrictions of a Halal diet.

Petitioner raises three issues which he styles as grounds for habeas relief. In Ground One, he alleges he was "illegally removed and sanctioned from his religious diet through intentional violation of the establishment clause." (ECF No. 6-1:4). In Ground Two, he alleges violations of his Fourteenth Amendment rights, claiming he was denied due process because he was not allowed to file a grievance or appeal regarding religious discrimination. (ECF No. 6-1:7). In Ground Three, Petitioner alleges retaliation by Chaplain Drawbridge and later by kitchen supervisor Caitlin Unruh. According to Petitioner, Ms. Unruh brought a disciplinary action charging him with disobedience to a direct order. The charge was based on Petitioner's refusal to obey Ms. Unruh's order to throw away an unopened, pre-packaged meal which Petitioner had returned to Ms. Unruh because it was not Halal. Petitioner refused to do so because, he states, throwing away an unopened meal was a policy violation. Petitioner states the warden of JCCC reversed the disciplinary conviction. (ECF No. 6-1:9-11).

At no point does Petitioner challenge his convictions in Case No. CF-2007-00296, District Court of Custer County; Case No. CF-2007-00313, District Court of Custer County; or Case No. CF-2012-00040, District Court of Okfuskee County. (ECF No. 6-1:1), nor does he challenge the sentences in these cases.

## SCREENING REQUIREMENT

District courts must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases.

A petition brought pursuant to 28 U.S.C. § 2254 challenges the validity of a conviction or sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). A habeas petition filed under 28 U.S.C. § 2241 is used primarily to attack the execution of a sentence. *See McIntosh v. United States Parole Commission*, 115 F.3d 809, 811-12 (10th Cir. 1997) (Section 2254 petitions "collaterally attack the validity of a conviction and sentence," while Section 2241 actions "are used to attack the execution of a sentence" (citations omitted)). The Petitioner does not challenge the validity of his convictions or sentences, nor does he challenge the execution of his sentence.[2] Rather, Petitioner is challenging the conditions of his confinement. Such claims must be brought pursuant to 42 U.S.C. § 1983. Petitioner is well aware of this fact, as demonstrated by his initial filing of a civil rights complaint with the same allegations contained in Grounds One and Two of the instant Amended Petition. In August of 2014, United States District Judge Lee R. West referred that case, Case No. CIV-14-848-W, to the undersigned magistrate judge. Following a series of Orders requiring Petitioner to comply with the payment of filing fees, Petitioner voluntarily dismissed the complaint on November 21, 2014.

---

[2] Although Petitioner alleges he was wrongfully charged and convicted in a disciplinary action for a rule violation, he acknowledges his conviction was reversed by the warden of JCCC. Moreover, Petitioner does not allege he was deprived of good time credits.

The undersigned has thoroughly reviewed Petitioner's initial Petition for Habeas Relief (ECF No. 1), his Amended Petition (ECF No. 6) and all attached exhibits. Based on this review, the undersigned finds the nature of the claims raised and the relief requested, must be brought pursuant to 42 U.S.C. § 1983. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (holding that conditions-of-confinement claims must be brought in a 42 U.S.C. § 1983 civil rights complaint rather than in a habeas petition); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

## RECOMMENDATION

For the reasons discussed above, the undersigned magistrate judge recommends the Petition for Habeas Relief **(ECF No. 1)** and the Amended Petition **(ECF No. 6)** be **DISMISSED** without prejudice. In light of the foregoing recommendation, it is further recommended that the Petitioner's Motion for Leave to Proceed *in forma pauperis* **(ECF No. 7)** be **DENIED.**

Petitioner is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **April 27, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF THE REFERRAL**

This Report and Recommendation disposes of all issues referred to the undersigned magistrate judge.

**ENTERED** on April 10, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE