

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

DENNIS MALIPURATHU, )
)
Petitioner, )
)
vs. ) No. CIV-15-199-W
)
JASON BRYANT, Warden, et al., )
)
Respondents. )

## ORDER

On April 10, 2015, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the Petition for Habeas Relief [Doc. 1] ("Petition") and the Amended Petition for Writ of Habeas Corpus ("Amended Petition") [Doc. 6] filed by petitioner Dennis Malipurathu, proceeding pro se, be dismissed without prejudice. Magistrate Judge Erwin further recommended that Malipurathu's in forma pauperis application be denied. Malipurathu was advised of his right to object, see Doc. 9 at 4, and the matter now comes before the Court on Malipurathu's Response to Report and Recommendation. See Doc. 11.

Upon de novo review of the record, the Court concurs with Magistrate Judge Erwin's suggested disposition of this matter and Malipurathu's application regarding payment of the filing fee.[1] In his Petition and Amended Petition, Malipurathu has stated that he "is an adherent of Sikhism," Doc. 6-1 at 2, "following [certain] . . . Halal dietary requirements . . . ." Id. He has complained, inter alia, that while incarcerated at James Crabtree

---

[1] In his application, Malipurathu "certifie[d] that he is eligible to pay forth the minimum $5 filing fee," Doc. 7 at 2, and that he in fact "mail[ed] this fee on February 19, 2015, to the Western District Court Clerk's Office," id., but that the fee "was returned on March 6, 2015." Id.

Correctional Center,[2] he "was denied a due process hearing," Doc. 6 at 1, when he was "remov[ed] . . . from his religious diet[, which he] enjoyed under protection of [the] [first] amendment [to the United States Constitution]." Id.; e.g., Doc. 6-1 at 2-3 (petitioner was removed from Halal diet without due process hearing, notification or verification of dietary requirements). In his Petition, Malipurathu had requested "habeas relief," Doc. 6-1 at 1, and his Amended Petition cites to title 28, section 2254 of the United States Code.

A petition properly brought under section 2254 challenges the validity of an inmate's conviction and sentence,[3] e.g., Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000), and, as Magistrate Judge Erwin found, Malipurathu has not questioned the constitutionality of his state court convictions and sentences; rather, Malipurathu has challenged the conditions of his confinement. Because such challenges by state inmates are more properly brought under title 28, section 1983 of the United States Code, dismissal of the instant action is warranted. E.g., Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000) (conditions-of-confinement claims must be brought in complaint seeking relief under section 1983, and not in habeas petition).

---

[2]The respondent, Jason Bryant, is the warden at James Crabtree Correctional Center, the facility at which the alleged constitutional deprivation occurred. Malipurathu is now housed at Northeast Oklahoma Correctional Center. See Doc. 1.

[3]Malipurathu has advised that he requested a copy of a habeas petition seeking relief under 28 U.S.C. § 2241 and that the Clerk of the Court sent him a copy of the section 2254 habeas form even though this "is not a [section] 2254 action." Doc. 11 at 2. Malipurathu has argued that his "claims will have effect under . . . [section] 2241[.]" Doc. 11 at 2. The Court disagrees.
    A petition under section 2241 "attack[s] the execution of a sentence," McIntosh v. United States Parole Commission, 115 F.3d 809, 811 (10th Cir. 1997)(citation omitted), and "affect[s] the fact or duration of the petitioner's custody." Id. at 812. In contrast, a petition under section 2254, as stated, challenges the validity of the petitioner's conviction and sentence. E.g., Montez, 208 F.3d at 865. Under the circumstances, neither section 2241 nor section 2254 is the appropriate vehicle for relief for Malipurathu's claims.

2

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 9] filed on April 10, 2015;

(2) DISMISSES the Petition [Doc. 1] and Amended Petition [Doc. 6] without prejudice; and

(3) DENIES Malipurathu's "In Forma Pauperis Application" [Doc. 7] file-stamped March 23, 2015.

ENTERED this 27th day of April, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE